524 So.2d 685 (1988)
Travis Harrison CRESSWELL, Appellant,
v.
STATE of Florida, Appellee.
No. 86-2117.
District Court of Appeal of Florida, Fifth District.
March 17, 1988.
On Motion for Rehearing May 12, 1988.
Alan E. Weinstein, of Weinstein & Preira, Miami Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Joseph N. D'Achille, Jr., and Richard B. Martell, Asst. Attys. Gen., Daytona Beach, for appellee.
PER CURIAM.
We affirm the conviction herein but remand for deletion of the costs assessed pursuant to section 27.3455(1), Florida Statutes (1985). See Webber v. State, 497 So.2d 995 (Fla. 5th DCA 1986), affirmed, 509 So.2d 926 (Fla. 1987).
ORFINGER, J., concurs.
COBB, J., concurs specially with opinion.
DAUKSCH, J., dissents in part with opinion.
COBB, Judge, concurring specially:
I concur with the affirmance of the conviction below and the reversal of costs, but feel some comment is appropriate in regard to the continuing problems relating to judicial determination of the validity vel non of drug trafficking stops on Interstate 95.
The issue in the instant case concerns the reasonableness of a 47-minute Terry[1] detention following a valid traffic stop on I-95 based on the trooper's "founded suspicion" that the detainee was involved in drug trafficking. The detention time was required for obtaining the presence of a narcotics dog to detect contraband in the trunk of the stopped car. Cf. State v. Nugent, 504 So.2d 47 (Fla. 4th DCA 1987); State v. Anderson, 479 So.2d 816 (Fla. 4th DCA 1985). The question is whether the length of the time involved elevated the detention into an arrest without probable cause, thereby invalidating the search. See United States v. Sharpe, 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605 (1985); Florida v. Royer, 460 U.S. 491, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983).
Admittedly, the issue on this appeal is a close one. It has presented to this court, and the trial court as well, several imponderables: the weight to be accorded trooper experience; the aggregate "innocent" elements that together may constitute a founded suspicion; and the reasonableness vel non of a Terry detention period. These difficulties have been imposed upon the judiciary, it seems to me, by a legislative *686 abdication of responsibility in the area of curtailing drug trafficking on the arterial highways of Florida. In effect, Trooper Vogel[2] has been left alone to fight a war without tactical support from Tallahassee in the way of legislative armament. As a by-product of this default, the courts of this state have been subjected to abuse by the media and the public when such interstate stops and searches have failed to comply with extant legal criteria.
As indicated in Delaware v. Prouse, 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660, 673-74 (1979), there is no constitutional impediment to a state's "developing methods for spot checks ... that do not involve the unconstrained exercise of discretion. Questioning of all oncoming traffic at roadblock-type stops is one possible alternative." Cf. Cardwell v. State, 482 So.2d 512 (Fla. 1st DCA 1986) (highway "dogblock" sustained).
If the Florida Legislature desires to authorize permanent checkpoint stops for drugs on the arterial highways of this state because of the seriousness of drug trafficking,[3] nothing prevents it from doing so  just as it has done in regard to combatting plant and animal diseases. See § 570.15, Fla. Stat. (1985). Such legislation is not the province of the courts, or of the highway patrol. Members of the public should recognize that the problem of drug trafficking in Florida must be ultimately resolved  or ultimately ignored  by their elected state legislators.
DAUKSCH, Judge, dissenting in part.
I concur with the deletion of the costs. I dissent from the conviction which tacitly permits highway patrolmen to stop suspicious persons and detain them for any period of time until a drug-sniffing dog can come and check the car.

ON MOTION FOR REHEARING AND REHEARING EN BANC
PER CURIAM.
DENIED.
However, we certify the following question[1] to the Supreme Court of Florida as one of great public importance:
MAY A PROFILE OF SIMILARITIES OF DRUG COURIERS, WHICH IS DEVELOPED BY A LAW ENFORCEMENT OFFICER AND WHICH, IN LIGHT OF HIS EXPERIENCE, SUGGESTS THE LIKELIHOOD OF DRUG TRAFFICKING, BE RELIED UPON BY HIM TO FORM AN ARTICULABLE OR FOUNDED SUSPICION WHICH WILL JUSTIFY A BRIEF INVESTIGATORY DETENTION AFTER THE CONCLUSION OF A LEGITIMATE TRAFFIC STOP ON HIGHWAYS KNOWN TO THE OFFICER TO BE USED FOR THE TRANSPORT OF DRUGS?
QUESTION CERTIFIED.
DAUKSCH, ORFINGER and COBB, JJ., concur.
NOTES
[1] Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
[2] Trooper Vogel, the arresting officer in this case, also has been the arresting officer in several cases appearing before this court. See, e.g., State v. Johnson, 516 So.2d 1015 (Fla. 5th DCA 1987); In Re Forfeiture of $6,003.00 in U.S. Currency, 505 So.2d 668 (Fla. 5th DCA) review denied, 511 So.2d 998 (Fla. 1987); Esteen v. State, 503 So.2d 356 (Fla. 5th DCA 1987).
[3] The legislature has already acknowledged the seriousness of this problem by the enactment of mandatory sentences for traffickers. See § 893.135, Fla. Stat. (1985).
[1] See also State v. Johnson, 516 So.2d 1015 (Fla 5th DCA 1987), wherein the certified question related to the initial stop rather than the subsequent detention.