560 So.2d 257 (1990)
The STATE of Florida, Appellant,
v.
Hansel TASWELL, Appellee.
No. 89-2265.
District Court of Appeal of Florida, Third District.
March 20, 1990.
Rehearing Denied May 22, 1990.
Robert A. Butterworth, Atty. Gen., and Roberta G. Mandel and Julie Thornton, Asst. Atty. Gen., for appellee.
Bennett H. Brummer, Public Defender, and Gerardo A. Remy, Jr., Sp. Asst. Public Defender, for appellant.
Before HUBBART, NESBITT and BASKIN, JJ.
NESBITT, Judge.
The state appeals an order suppressing evidence found to have been obtained as the result of an illegal search and seizure. We reverse.
After observing defendant's vehicle exceeding the speed limit on the Florida Turnpike, a Florida Highway patrolman pulled over the vehicle with the intention of issuing defendant a citation for speeding. After examining the defendant's driver's license, the officer asked defendant and his passenger to exit the car. The officer then released a dog from the cruiser. The dog was directed to sniff around the vehicle for evidence of drugs. The dog alerted to an odor in the car's trunk. Upon opening the trunk, two kilograms of cocaine were found. The defendant was placed under arrest. After a hearing, defendant's motion to suppress the cocaine was granted. The state now appeals.
The defendant was properly stopped for a traffic violation. See Spann v. State, 512 So.2d 1106 (Fla. 5th DCA 1987). Once the defendant was legally stopped, the use of a sniff dog was not an unconstitutional search under the Fourth Amendment. United States v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983). A sniff dog's "alert" can constitute probable cause to conduct a search. Id. Once probable cause existed to search the vehicle, no warrant was needed to authorize the search. United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). "Just as no police officer need close his eyes to contraband in plain view, no police officer armed with a sniff dog need ignore the olfactory essence of illegality." Cardwell v. State, 482 So.2d 512, 515 *258 (Fla. 1st DCA 1986); see Cresswell v. State, 524 So.2d 685 (Fla. 5th DCA 1988).
Accordingly, it was error to suppress the evidence seized as a result of the search.
Reversed.