565 So.2d 714 (1990)
The STATE of Florida, Appellant,
v.
Willie Sanders WILLIAMS and Dexter Clayton Williams, Appellees.
No. 89-2099.
District Court of Appeal of Florida, Third District.
May 22, 1990.
Rehearing Denied September 13, 1990.
Robert A. Butterworth, Atty. Gen., and Richard L. Polin, Asst. Atty. Gen., for appellant.
Weiner, Robbins, Tunkey & Ross and Benjamin S. Waxman, Miami, for appellees.
Before NESBITT, BASKIN and GODERICH, JJ.
PER CURIAM.
The state appeals the grant of a motion to suppress cocaine which was seized after a traffic stop and dog sniff. We reverse.
A Florida Highway Patrol trooper stopped a car driven by defendant Willie Williams after the trooper observed the vehicle exceeding the speed limit on the Florida Turnpike. Defendant Dexter Williams was the passenger. In anticipation of issuing a traffic citation for speeding, the trooper obtained Willie's driver's license and the rental agreement for the car. Within three minutes of the stop, a second trooper arrived with a sniff dog to detect evidence of illegal drugs. The dog alerted to the car's trunk, at which point Dexter tried to flee. He was soon apprehended, and the trunk of the car was *715 searched. Six kilos of cocaine were discovered. The entire incident transpired within some six minutes after the initial stop.
The defendants were charged with trafficking in cocaine and possession of the drug. Dexter was also charged with resisting arrest. The trial judge granted the defendants' motion to suppress the cocaine, finding that what began as a mere traffic stop "immediately, inexplicably and without any legitimate articulable suspicion whatsoever escalated into a criminal investigation." The state now appeals.
In United States v. Place, 462 U.S. 696, 103 S.Ct. 2637, 77 L.Ed.2d 110 (1983), the Supreme Court held that use of a sniff dog constitutes neither a search nor a seizure. Recently, in State v. Taswell, 560 So.2d 257 (Fla. 3d DCA 1990), this court held that a proper traffic stop during which a sniff dog is used does not result in an illegal seizure of any evidence obtained as a result of the dog's alert.
The only factual difference between the instant case and Taswell is that here, defendants emphasize the interval of minutes which passed between the initial traffic stop and the dog's sniff of the vehicle. However, the three minutes between the initial traffic stop and the point at which the dog began to work was, if at all, a deminimis intrusion into the defendants' liberty interest. Thus their Fourth Amendment rights were certainly not infringed. Cresswell v. State, 564 So.2d 480 (Fla. 1990) (arrival and use of sniff dog during vehicle stop for a traffic infraction must take no longer than the time necessary to write the traffic citation). Cf. People v. McGaughran, 25 Cal.3d 577, 159 Cal. Rptr. 191, 195, 601 P.2d 207, 211 (1979) ("[B]ecause it [time needed to complete a warrant check] would not add to the delay already lawfully experienced by the offender as a result of his [traffic] violation, it would not represent any further intrusion on his rights."); State v. Hewey, 144 Vt. 10, 471 A.2d 236 (1983) (upholding Fourth Amendment challenge to a fourteen-minute stop, nine minutes of which were spent in running a record check on defendant's driver's license and writing up the citation).
Based on this analysis, State v. Anderson, 479 So.2d 816 (Fla. 4th DCA 1985), is not dispositive. There, the defendant had already been issued a traffic citation and then waited for one-half hour more before a sniff dog arrived. Here, the dog began its work in no more time than it would have taken to complete the paper work for the traffic citation alone.
Accordingly, we reverse the trial court order suppressing the cocaine seized.
Because of our resolution of this issue, it is unnecessary to reach the issue of the passenger's standing status.
Reversed and remanded for further proceedings consistent with this opinion.