570 So.2d 1074 (1990)
Marty Alonzo BLACKMON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-790.
District Court of Appeal of Florida, First District.
December 3, 1990.
*1075 Henry R. Barksdale, Milton, for appellant.
Robert A. Butterworth, Atty. Gen., Virlindia Doss, Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of a judgment of conviction and sentence for trafficking in cocaine, for which he received a five year term of imprisonment. He argues that the trial court erred in denying his motion to suppress because the search of his vehicle which led to the recovery of a large quantity of crack cocaine was based on a pretextual traffic stop. We find that the search of appellant's car was permissible under the circumstances, and affirm.
On the date in question, appellant was driving a rented car along the interstate when he was pulled over by a Florida Highway Patrol trooper for following the car ahead of him too closely. The trooper asked to see appellant's identification and the car rental agreement, and began writing out a citation. Within three or four minutes of the stop, a second trooper arrived on the scene with a narcotics dog, without being summoned by the first. After his request for appellant's consent to a search of the vehicle was denied, the second trooper allowed his dog to make an exterior search of appellant's car. When the dog became excited at the passenger door of the front seat, the trooper opened the door and let the dog inside. The dog discovered an opaque bag under the passenger's seat, which was subsequently found to contain crack cocaine.
The test for determining whether an officer's detention of a vehicle for a traffic violation is valid is whether, under the facts and circumstances, a reasonable officer would have stopped the vehicle for the traffic violation absent some additional invalid purpose. Kehoe v. State, 521 So.2d 1094 (Fla. 1988). The trooper who pulled appellant over for following too closely testified that he frequently issues citations for such a traffic infraction, and had issued five citations for that specific offense during the 30-day period around the time of appellant's arrest. Accordingly, absent evidence to the contrary, a reasonable officer would have stopped appellant for this infraction and the stop was not pretextual. State v. Gibson, 560 So.2d 1370 (Fla. 5th DCA 1990).
Even when the initial stop is valid, if there is no founded suspicion for a lengthy detention the stop should be limited to time required to write a traffic citation. State v. Anderson, 479 So.2d 816 *1076 (Fla. 4th DCA 1985). In this case, during the brief detention before the dog alerted to the presence of drugs, the first officer was occupied with attempting to verify appellant's identification and possession of a rental car for which his name did not appear on the rental agreement, and with issuing appellant a citation for the traffic offense. Appellant therefore did not experience a greater delay than he would have lawfully experienced as a result of his traffic violation, and any instrusion into his liberty interest was de minimis. State v. Williams, 565 So.2d 714 (Fla. 3d DCA 1990).
Finally, the use of a narcotics dog during a valid traffic stop constitutes neither a search nor a seizure. Williams, 565 So.2d at 715. Here, the dog arrived shortly after the detention began, and the exterior search of the vehicle was permissible. Once the dog alerted to the presence of drugs in appellant's car, the officers had probable cause to conduct a more thorough search of the vehicle. State v. Taswell, 560 So.2d 257 (Fla. 3d DCA 1990). Under these circumstances, the cocaine recovered from appellant's car was not improperly obtained.
Affirmed.
MINER and WOLF, JJ., concur.