QUINCE, Judge.
The State of Florida challenges an order entered by the trial court granting Charles Stachell’s motion to suppress evidence. We reverse the suppression order because the stop of Stachell’s vehicle was based on a violation of the traffic laws and was therefore valid.
The arresting officers testified at the suppression hearing that they were- on patrol in the area surrounding 29th Street and Lake Avenue in Hillsborough County, Florida, when they noticed Stachell’s parked vehicle. Stachell was in the driver’s seat and another male occupied the passenger seat. They saw a third male approach the vehiclé on a bicycle. This person looked nervously over his shoulder at the officers and left after a few moments. Stachell drove off. The officers followed and saw the car park on 29th Street. The male on the bicycle again approached the car. One of the officers believed a narcotics transaction was in progress. The three individuals separated in different groups, and regrouped around the corner out of the officers’ line of vision. The officers decided to watch them but did not observe a drug transaction.
Again, Stachell drove away, and the officers followed. They had decided to conduct a field interview if Stachell drove to another drug location. As the officers followed Stac-hell, they noticed his tag had expired. After stopping the vehicle, they approached the car and one officer observed what he believed to be a piece of rock cocaine inside the vehicle. Stachell was arrested and charged with possession of cocaine, driving while license can-celled, suspended or revoked and driving an unregistered vehicle. A motion to suppress was filed, and the trial court granted the motion finding the officers had formed an intent to conduct a field interview before they observed the expired tag, and this observation did not validate the stop.
The officers were clearly authorized to stop Staehell’s vehicle since his tag had expired, a violation of section 320.07(3), Florida Statutes (1995). Moreover, the validity of such a stop is not questionable even where the officer may believe the motorist has engaged in other illegal conduct. Whren v. United States, — U.S. —, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). In Whren the Supreme Court reiterated the principle that the subjective intent of the officer does not make otherwise lawful conduct illegal or unconstitutional. See Scott v. United States, 436 U.S. 128, 98 S.Ct. 1717, 56 L.Ed.2d 168 (1978). As the Court indicated, an ulterior motive does not strip the officers of legal justification for the stop.
Thus, while these officers may have had another subjective reason for effectuating this stop, they nonetheless had probable cause for the stop based on a violation of the traffic laws. The order suppressing the evidence is hereby reversed, and this case is remanded to the trial court for farther proceedings.
PARKER, A.C.J., and LAZZARA, J., concur.