748 So.2d 352 (1999)
Pablo GOMEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 99-1186.
District Court of Appeal of Florida, Third District.
December 15, 1999.
Rehearing Denied February 9, 2000.
Michael Blacker, Miami, for appellant.
Robert A. Butterworth, Attorney General, and Frank J. Ingrassia, Assistant Attorney General, for appellee.
Before LEVY, GODERICH and GREEN, JJ.
PER CURIAM.
We affirm the defendant's convictions and sentences for trafficking in cocaine and violation of probation. A review of the record shows that the trial court properly denied the defendant's motion to suppress the cocaine seized. Regardless of the individual officer's motivation, the traffic stop was lawful because the officer had probable cause to believe that the defendant had violated the traffic code by driving a vehicle with an expired temporary tag. Holland v. State, 696 So.2d 757 (Fla.1997)(holding that the constitutional reasonableness of a traffic stop is not dependent on the motivations of the individual officers involved, rather that it is dependent on the simple objective test of whether the officer had probable cause to believe that the defendant violated a traffic code)(citing Whren v. U.S., 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996)); *353 State v. Stachell, 681 So.2d 802 (Fla. 2d DCA 1996). Further, the seizure was lawful because the defendant voluntarily gave the officer consent to search the car for his registration and insurance card. Denehy v. State, 400 So.2d 1216 (Fla.1980).
Affirmed.