DAVIS, Judge.
Mario Albury challenges the trial court’s order denying his motion to set aside the final order of forfeiture of $55,045. He suggests that the trial court was without jurisdiction to enter the order. We agree and reverse.
On March 2, 1999, a North Port police officer stopped the vehicle in which Albury was a passenger. As a result of this stop, the police found and confiscated United States currency in the amount of $55,045. The city initiated a forfeiture proceeding, alleging that the money was drug related. On March 22, 1999, the trial court entered an order finding that there was probable cause to believe that the property had been used in violation of Florida law and authorizing the retention of the property until the disposition of the forfeiture action. Albury appealed this order.
During the pendency of the appeal, Al-bury became further involved with law enforcement authorities. On September 27, 1999, he entered a written plea agreement with federal authorities by which he specifically admitted that the money seized by the City of North Port on March 2, 1999, was in fact drug-related money. Subsequently, on March 6, 2000, the trial court entered a final summary judgment in favor of the city in the forfeiture proceedings. On March 27, 2000, this court reversed the trial court’s order finding probable cause and remanded the issue back to the trial court.
Albury then filed a motion to set aside the final summary judgment of forfeiture. He argued that the ultimate issue of forfeiture cannot be reached without a valid seizure. Since the seizure here was invalidated by the appellate decision, he suggested that the final judgment was improper. The trial court denied the motion, and Albury challenges this denial.
A forfeiture action is commenced by seizing the subject property. “The only action expressly authorized by the [Florida Contraband Forfeiture] Act to initiate forfeiture is the actual seizure of the subject property.” Dep’t of Law Enforcement v. Real Prop., 588 So.2d 957, 962 (Fla.1991). See also §§ 932.701-.707, Fla. Stat. (1999). The forfeiture proceeding is a civil, in rem action filed against the property itself. Ruth v. Dep’t of Legal Affairs, 684 So.2d 181 (Fla.1996). If the initial seizure is determined to be invalid, the subsequent forfeiture proceeding is necessarily a nullity. Daniels v. Cochran, 654 So.2d 609 (Fla. 4th DCA 1995).[1] Furthermore, civil forfeiture is a statutorily-created proceeding that must be strictly construed. Byrom v. Gallagher, 609 So.2d 24 (Fla.1992). While the statute provides details as to how to proceed once the subject property has been retained pursuant to the court’s initial order, it is silent as to proceeding in forfeiture against property not seized and judicially detained. A strict reading of the statute indicates that if, in fact, the trial court failed to find probable cause to retain the property, the remainder of the provisions of the statute do not apply. See §§ 932.701-.707. The same should be true if the trial court’s finding of probable cause is reversed on appeal. Since this court has previously found that the trial court erred in finding the existence of probable cause *107 to retain the subject property, the subsequent proceedings were without statutory basis and must be set aside. Accordingly, the trial court erred in denying the motion to set aside the final order of forfeiture.
Reversed.
ALTENBERND and NORTHCUTT, JJ., Concur.

. The City argues that Daniels does not apply. We disagree. In Daniels, the appellate court reversed the final order of forfeiture. The trial court had entered a default as a sanction because the claimant refused to testify or respond to discovery. Based on the default, a final order was entered without a jury trial. Although the appellate court found this to be error, the appellate court did not send the case back for a jury trial but, after finding the seizure to be the result of an illegal search, reversed the trial court’s order and remanded the case with instructions to release the currency.