915 So.2d 762 (2005)
STATE of Florida, Appellant,
v.
Amanda Vernell TANNER, Appellee.
No. 2D04-5660.
District Court of Appeal of Florida, Second District.
December 9, 2005.
*763 Charles J. Crist, Jr., Attorney General, Tallahassee, and Richard M. Fishkin, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellee.
LaROSE, Judge.
The State appeals the trial court's order granting Amanda Vernell Tanner's dispositive motion to suppress evidence. We affirm.
In the early morning of July 28, 2003, Deputy Bogus of the Polk County Sheriff's Department lawfully stopped a car driven by Robert Holshue. Ms. Tanner was a passenger. After an initial contact with Mr. Holshue, Deputy Bogus returned to her patrol car to write a citation for an expired tag. She also called for back-up assistance. Deputy Eschue responded to the scene, followed by Deputy Pry and her drug-sniffing dog, Jerry Lee.
All three deputies then approached the car. They directed Mr. Holshue and Ms. Tanner to exit the car so Jerry Lee could sniff for the scent of drugs. One or more of the deputies commanded Ms. Tanner, despite her reluctance, to leave her purse in the car. After Mr. Holshue and Ms. Tanner exited the car, Jerry Lee "alerted,"[1] jumped through an open window of the car, and "alerted" again.
A search of the purse disclosed illegal drugs. The trial court granted Ms. Tanner's motion to suppress the illegal drugs. It concluded that the deputies had no basis to seize Ms. Tanner's purse. The trial court, relying on Matheson v. State, 870 So.2d 8 (Fla. 2d DCA 2003), review dismissed, 896 So.2d 748 (Fla.2005), cert. denied, ___ U.S. ___, 126 S.Ct. 545, 163 L.Ed.2d 499 (2005), also concluded that insufficient records of Jerry Lee's field *764 performance and his lack of training to disregard residual drug odors rendered invalid the deputies' search of the interior of Mr. Holshue's car.
We apply a mixed standard of review to the trial court's ruling on a motion to suppress. The trial court's determination of historical facts is presumptively correct and subject to reversal only if unsupported by competent, substantial evidence. The trial court's determinations on mixed questions of law and fact are subject to de novo review. State v. Marrero, 890 So.2d 1278 (Fla. 2d DCA 2005).
Deputy Bogus' lawful stop of Mr. Holshue's car was adequate to allow a dog sniff for illegal drugs within a reasonable time frame. See McNeil v. State, 656 So.2d 1320, 1321 (Fla. 5th DCA 1995) (citing Cresswell v. State, 564 So.2d 480 (Fla. 1990); State v. Williams, 565 So.2d 714 (Fla. 3d DCA 1990)). That alone, however, did not authorize the deputies to deprive Ms. Tanner of her purse and, under the circumstances, detain her. "[She] did nothing to warrant her individual detention... nor was there an independent `reasonable suspicion' that her purse contained contraband." Id. Competent, substantial evidence supported the trial court's finding that the deputies unlawfully seized Ms. Tanner's purse. The unlawful seizure supports the trial court's order granting Ms. Tanner's motion to suppress.
The State also argues that the trial court erred in granting the motion to suppress based on matters relating to Jerry Lee's field performance and training. The State urges us to recede from our holding in Matheson, 870 So.2d 8. We decline the invitation. The trial court properly suppressed the physical evidence against Ms. Tanner due to the unlawful seizure of her purse. Consequently, any discussion of Matheson is unnecessary.
Affirmed.
ALTENBERND and VILLANTI, JJ., Concur.
NOTES
[1] Jerry Lee "alerts" by sitting when he smells the odor of drugs. Based on his training, Jerry Lee alerts to the scent of the actual presence of drugs as well as to residual "dead" scents of drugs no longer present at the site of the dog sniff.