ON MOTION FOR REHEARING

PER CURIAM.
We grant appellant’s motion for rehearing, withdraw our previous opinion, and substitute the following in its place.
Appellant appeals his convictions of three counts of attempted voluntary manslaughter. We agree with appellant that the trial court erred in denying his motion to suppress because the detectives interrogated appellant after he invoked his right to counsel. As such, we reverse.
Appellant and a codefendant were charged by information with three counts of attempted first-degree murder. Before trial, appellant filed a motion to suppress his statements to police on the ground that they were made after he invoked his right to counsel.
A transcript of the police interview reveals that when the detective read appellant his Miranda rights, appellant invoked his right to counsel by stating, “I[’d] rather have somebody to represent me.” The detectives continued to talk with appellant. One detective told appellant that they did not want him to say, on a later date, that no one asked for his “side of the story.” The detective added, “We’re trying to protect you.” The second detective indicated that they wanted to talk with everyone involved. That detective told him, “I wouldn’t be doing my job if I didn’t come, at least to try to get your side of the story.” Appellant responded, “I need to give a side ... ‘cause, I don’t have no part in this.” After talking about appellant’s family, the first detective asked appellant what he wanted to do. The detective told *1125 him, “I respect whatever ... whatever you decide. I’m not, I’m not here to force you to do anything. I’m here to get your side of the story. And it — it’s completely up to you.” Appellant responded by stating, “I’m going to give my side of the story.” Appellant ultimately admitted that he fired one shot “in the air.”
The trial court denied the motion to suppress. The trial court orally found that “upon questioning, the defendant did request a lawyer and interrogation stopped, and the defendant was advised that the police could not continue their questioning. Thereafter, the defendant reinitiated discussion with law enforcement and waived his right to counsel so the motion is denied.”
“In reviewing a trial court’s ruling on a motion to suppress, an appellate court accepts a trial court’s findings so long as they are supported by competent, substantial evidence. However, a trial court’s application of the law to the historical facts is reviewed de novo.” Hall v. State, — So.3d - (Fla.2012) (citation omitted).
Once a suspect has requested the help of a lawyer, no state agent can reinitiate interrogation on any offense throughout the period of custody unless the lawyer is present, although the suspect is free to volunteer a statement to police on his or her own initiative at any time on any subject in the absence of counsel.
Traylor v. State, 596 So.2d 957, 966 (Fla.1992) (footnote omitted). See also Sapp v. State, 690 So.2d 581, 584 (Fla.1997) (“[0]nce an individual has invoked the Miranda right to counsel, a valid waiver of this right can be found only if the individual is the one responsible for reinitiating contact with the police.”).
“[T]he term ‘interrogation’ under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect.” Rhode Island v. Innis, 446 U.S. 291, 301, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980) (footnote omitted). A suspect’s request to cut off questioning until counsel can be obtained must be “scrupulously honored” by the police. Michigan v. Mosley, 423 U.S. 96, 104, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975). Interrogation practices include the “use of psychological ploys, such as to ‘posi[t]’ ‘the guilt of the subject,’ to ‘minimize the moral seriousness of the offense,’ and ‘to cast blame on the victim or on society.’ ” Innis, 446 U.S. at 299, 100 S.Ct. 1682 (quoting Miranda v. Arizona, 384 U.S. 436, 450, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)).
The record does not support the trial court’s finding that appellant reinitiat-ed discussion with law enforcement after interrogation had ceased. To the contrary, almost immediately after appellant invoked his right to counsel, the detectives engaged in interrogation by telling appellant that they were trying to “protect” him and encouraging him to tell his “side of the story.” Such statements constitute interrogation, as they were reasonably likely to elicit an incriminating response. See Cuervo v. State, 967 So.2d 155 (Fla.2007). At no point did the detectives cease interrogating appellant after he made clear that he wanted to have an attorney. Because the interrogation never stopped, appellant could not, as the trial court found, have reinitiated contact with the detectives. See Moss v. State, 60 So.3d 540, 544 (Fla. 4th DCA 2011) (where “ongoing interrogation never paused,” defendant “did not reinitiate further exchanges” with detective); Edwards v. Arizona, 451 U.S. 477, 484-85, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981).
*1126 In Cuervo, the Florida Supreme Court found that officers engaged in conduct they could reasonably anticipate would elicit an incriminating response where, after the defendant invoked his right to remain silent, the officers stated, “[N]ow would be your opportunity if you wish to speak and explain your side of your story, your version of what happened.” 967 So.2d at 164. The detectives’ statements in this case are similar to those that were found to constitute interrogation in Cuer-vo.
Because appellant’s confession was the product of interrogation after appellant’s invocation of his right to counsel, it should have been suppressed. Moreover, the error in admitting appellant’s confession was not harmless. See Ross v. State, 45 So.3d 403, 434 (Fla.2010); State v. DiGuilio, 491 So.2d 1129, 1135 (Fla.1986). Other than appellant’s confession, the only evidence that appellant had fired shots was from two accomplices, and they testified only to hearing him fire shots, not to seeing him fire shots. As such, we reverse appellant’s convictions and remand for a new trial.

Reversed and remanded.

POLEN, GROSS and LEVINE, JJ, concur.