LEVINE, J.
The issue presented is whether the trial court erred in granting appellee’s motion to suppress on the grounds that a deputy could not call appellee back to appellee’s vehicle after observing appellee illegally park his car and then walk away. We find that the officer had the authority to call appellee back to his vehicle and that the trial court erred by granting the motion to suppress. We, therefore, reverse and remand.
In response to complaints about violations of “parking laws” in a neighborhood, a deputy sheriff performed a routine area check to determine if any cars were parked in violation of the parking laws. The deputy saw appellee park his car on the grass where a sign said “do not [p]ark.” By the time the deputy turned his car around to get to appellee’s car, appellee had already stepped out of the car and was crossing the street. The deputy “kind of motioned him to return to his car.” The deputy told appellee that he had parked his car illegally and asked to see appellee’s driver’s license. Appellee stated that he did not have a driver’s license, and instead handed the deputy his Florida identification card. The deputy moved appellee to the rear of his vehicle, and ran appellee’s information on the “teletype,” which advised the deputy that ap-pellee’s driver’s license had been suspended six times. At this point, the deputy asked appellee whether he knew his license was suspended, to which appellee responded “yes.” The deputy then placed appellee under arrest.
After a hearing on appellee’s motion to suppress, the trial court granted the motion.[1] The trial court stated the following:
I have experienced parking tickets where they leave the ticket on the car. They don’t usually track down or go to the owner. This wasn’t an issue where the officer was giving him a courtesy, this was a citizen-encounter. The officer, it is clear — even [the state] conceded it at the time of the hearing, that this was a stop. This was not a consensual encounter. The defendant was ordered back. The defendant was ordered to produce his license.
So the issue is, does an officer, for the sole purpose of writing a traffic ticket, have a right to detain a person? And the officer was called back to testify at the hearing that he thought that there was some, perhaps, moving violation done by the defendant driving onto the grass. I would note that in Broward County, probably about half the people park on swales in the grass. So the fact that a person may drive onto a piece of grass to park in and of itself is not a dangerous or unusual activity, assuming that the officer was correct in the defendant not having the right to park where he parked.
Again, it is clear from the testimony that the defendant had left the car, was walking away, the officer ordered the defendant back, detained him, ordered the defendant to produce his driver’s license.
*531 The Court does find that this was an illegal stop. The officer did not have any grounds to believe that the defendant was engaged in any criminal activity whatsoever. This was not even a stop for a moving violation for which the officer would have had the right to write a citation. This was a parking ticket that was directed at the vehicle, and I do not find that the officer had authority to detain the defendant for that purpose.
The state appeals the trial court’s granting of the motion to suppress.
A trial court’s ruling on a motion to suppress comes to the appellate court “clothed with the presumption of correctness,” and as such we “interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining] the trial court’s ruling.” Braddy v. State, 111 So.3d 810 (Fla. 2012) (citation omitted). We accept the trial court’s factual findings “so long as they are supported by competent, substantial evidence.” Gilbert v. State, 104 So.3d 1123, 1125 (Fla. 4th DCA 2012) (citation omitted). We review de novo the trial court’s application of the law to the historical facts. Id.
Generally, “the decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.” Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). Nonetheless, “the stop must last no longer than the time it takes to write the traffic citation.” Cresswell v. State, 564 So.2d 480, 481 (Fla.1990). Further, the term “traffic violation” encompasses non-criminal, non-moving violations. K.S. v. State, 85 So.3d 566, 570 (Fla. 4th DCA 2012) (stating officer was permitted to issue traffic violation for inoperable tag light).
In the present case, the deputy had probable cause to conduct a traffic stop under section 316.1945(l)(c)2., Florida Statutes (2011), which states that no person shall “[p]ark a vehicle, whether occupied or not, except temporarily for the purpose of, and while actually engaged in, loading or unloading merchandise or passengers” “[a]t any place where official signs prohibit parking.”[2] An officer who finds a vehicle parked in violation of this section may either “[i]ssue a ticket form as may be used by a political subdivision or municipality to the driver” or “[i]f the vehicle is unattended, attach such ticket to the vehicle in a conspicuous place.” § 316.1945(3), Fla. Stat. (2011). “A violation of this section is a noncriminal traffic infraction, punishable as a nonmoving violation”; thus, the alleged violator “must be cited for such an infraction and cited to appear before an official.” §§ 316.1945(4), 318.14(1), Fla. Stat. (2011).
Here, we conclude that the deputy’s act of calling appellee back to his vehicle to issue a citation, warning, or even request appellee to move his vehicle, did not transform the encounter into an impermissible seizure under the Fourth Amendment. The deputy observed appellee park in a grassy area marked with “do not park” signs, which provided the deputy with probable cause to conduct a traffic stop. Simply because appellee had exited his car *532 by the time the deputy arrived, and the deputy could have left the citation on the vehicle, does not mean the deputy lacked the authority to order appellee to return to the vehicle. See State v. Gross, 39 Kan.App.2d 788, 184 P.3d 978, 982, 988 (2008) (stating that “officers had reasonable suspicion that a traffic violation had occurred,” after observing driver illegally park near a driveway and begin walking towards a house, and thus “the officers could have briefly detained [the driver] to issue him a ticket for the parking violation”).
In this case, the deputy was permitted to issue a ticket “to the driver” under section 316.1945(3), Florida Statutes (2011). Further, at the time of the stop, appellee did not need to be engaged in “criminal activity,” as stated by the trial court. See, e.g., Reid v. State, 898 So.2d 248, 249 (Fla. 4th DCA 2005) (“the officer did not need a reasonable suspicion of criminal activity for an investigatory stop, because the initial traffic stop was valid and appellant was not detained beyond the time necessary to issue a citation”). Nor did the observed offense have to be a “moving violation” in order for the deputy to issue a citation. See K.S., 85 So.3d at 570. Given the observed traffic violation, it was reasonable for the deputy to call appellee back to issue a traffic citation or warning,[3] and to then conduct “the customary driver’s license ... and active warrant checks that routinely accompany a traffic stop.” D.A. v. State, 10 So.3d 674, 676 (Fla. 3d DCA 2009).
In summation, as we find that the deputy had probable cause to effect a traffic stop of appellee which included calling ap-pellee back to his vehicle, we reverse the order granting appellee’s motion to suppress and remand for further proceedings.[4]

Reversed and remanded.

WARNER and CIKLIN, JJ., concur.

. The deputy testified at the hearing that he wanted appellee "[n]ot to park there, [to] park properly.”

. Further, section 316.1945(l)(a)10., Florida Statutes (2011), provides:
(1) Except when necessary to avoid conflict with other traffic, or in compliance with law or the directions of a police officer or official traffic control device, no person shall:
(a) Stop, stand, or park a vehicle:
[[Image here]]
10. At any place where official traffic control devices prohibit stopping.

. Appellee argues that the trial court did not err in granting the motion to suppress because the state failed to establish that his act of parking on the grass was a violation of law, since there was no evidence of an "official traffic control device” prohibiting parking. After review of the transcript, we disagree that this was the basis for the trial court's ruling. Additionally, appellee did not contest below the state’s evidence on the issue of whether he illegally parked.

. The trial court did not rule on whether any statements were obtained in violation of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), which was the original basis for appellee’s motion to suppress. Accordingly, our decision is without prejudice to appellee again raising this argument in a re-filed motion to suppress.