569 So.2d 1375 (1990)
Aladier J. OSORIO, Appellant,
v.
STATE of Florida, Appellee.
No. 89-02764.
District Court of Appeal of Florida, Second District.
November 21, 1990.
Joseph M. Davis, Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Wendy Buffington, Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
The appellant Aladier J. Osorio challenges his conviction for trafficking in cocaine. He contends that the trial court erred in denying his motion to suppress because he did not voluntarily consent to a *1376 search of his automobile. He also contends that the trial court erred in imposing an aggravated guidelines sentence because the reasons given in support thereof were invalid. We affirm the appellant's conviction but remand for resentencing.
The appellant does not dispute the fact that a highway patrol trooper validly stopped him for driving sixty-five miles an hour in a fifty-five mile an hour zone. We find the subsequent search of the appellant's automobile was valid because probable cause was established by the sniff dog's alert to the presence of cocaine. Denton v. State, 524 So.2d 495 (Fla. 2d DCA), review denied, 534 So.2d 398 (Fla. 1988). Thus, whether the appellant consented to the search is not at issue.
In support of the imposition of an aggravated guidelines sentence, the trial court set forth the following reasons: the appellant is a bona fide drug dealer, the appellant appeared to be the major force behind the offense, and the appellant planned and executed the offense with sophistication. None of these reasons is valid. Young v. State, 502 So.2d 1347 (Fla. 2d DCA 1987); Nodal v. State, 524 So.2d 476 (Fla. 2d DCA 1988); State v. Fletcher, 530 So.2d 296 (Fla. 1988).
Accordingly, we affirm the appellant's conviction but remand for resentencing within the guidelines.
CAMPBELL, A.C.J., and PARKER, J., concur.