691 So.2d 637 (1997)
STATE of Florida, Appellant,
v.
Joshua Ray BROWN, James Green and Clay Novick, Appellee.
No. 96-999.
District Court of Appeal of Florida, Fifth District.
April 18, 1997.
Robert A. Butterworth, Attorney General, Tallahassee, and Lori E. Nelson, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Noel A. Pelella, Assistant Public Defender, Daytona Beach, for Appellee.
HARRIS, Judge.
Following an alert by a drug dog, a vehicle being driven by Joshua Brown was found to contain marijuana both inside the vehicle and in the trunk. Brown and his passengers, James Green and Clay Novick, were arrested and charged with possession of more than 20 grams of marijuana. On motion, the court suppressed the evidence of the marijuana and the State appeals; we reverse.
Deputy Schulte of the Orange County Sheriff's Department stopped Brown's vehicle on the Turnpike for speeding. Brown *638 appeared very nervous and was visibly shaking. He advised the officer he was coming home from Disney. He further told the officer that he had borrowed the car from a friend and was anxious to return it to her. Schulte then walked around to the passenger side to obtain the vehicle's registration. The passenger on that side told the officer that he had been visiting a friend in Orlando who was a culinary student.
Because the driver and the passenger told conflicting stories as to where they were coming from, the officer became suspicious, asked the occupants to step out of the vehicle and called for backup. He called in Brown's tag and driver's license numbers. Within one or two minutes, backup arrived with a drug dog. Schulte, who had commenced writing the citation for speeding, interrupted that procedure to sweep the exterior of the vehicle with the dog. The dog alerted, and the drugs were found, within seven to eight minutes from the time Brown was pulled over. After the marijuana was secured in the trunk of the patrol car, Schulte completed the citation for speeding. At that time, the computer had not yet returned the information on the tag and driver's license numbers.
The court, in suppressing the evidence, stated:
Basically [McNeil v. State, 656 So.2d 1320 (Fla. 5th DCA 1995) ] stands for the proposition that a driver who is stopped for a citation can be subjected to a sniff-out dog so long as it's done within the time required to issue a citation. It goes on to say that the officer cannot extend the lawful stop beyond the time it takes to write the citation in order to have a K-9 unit do its task.
To me that means in this case if after a stop is made for speeding it's upon the officer to go ahead and write the citation in a timely fashion. If he can get the search done within that time period, then all power to him. But whenever the K-9 unit shows up and the officers decide not to write a citation in order to allow the K-9 unit to perform his dutiesputs everybody in the back of the car and all of that other stuff to do the search, and everything then that runs afoul of the, of this case.
* * * * * *
Once the period for which he has to write the citation, once that time is over, once he's been given an opportunity to write a citation, he does that in order to facilitate the search, I think he runs the risk of having a suppression motion being granted.
I think that he has sufficient time in this case. And I don't think the time is what is important, whether it be five minutes or seven minutes, or whatever. But I think what has to happen is that when given the opportunity he has to write the citation, and the search has to be conducted within that time period.
It is clear that the trial judge was attempting to follow our McNeil opinion. In all candor, our McNeil opinion is not as clear as it should be in relation to when the drug sniff must be accomplished. We stated in McNeil that the time was limited to the "time required for the issuance of the citation." And so it generally is. But that presupposes that once the citation is issued, the traffic stop is completed and the driver is free to go. Such was not the case here. The officer has the right, even the responsibility, when the driver admits that he is driving a vehicle owned by someone not present, to run the tag number through the computer. And whether or not the citation is completed before the information is returned to the officer, the traffic stop should not be considered completed until such information, if it can be obtained within a reasonable period, is returned. Therefore, in a situation such as this, the officer should be permitted to run a drug sniff until the traffic stop is finally concluded. Obviously, just as in a pretextual stop case, if the traffic stop is unnecessarily prolonged in order to permit a drug sniff, then the search is illegal and the evidence should be suppressed. In this case, the mere fact that the officer interrupted his writing of the citation in order to accomplish the drug sniff, since the tag information was still outstanding, did not unnecessarily extend the *639 traffic stop and the evidence should not be suppressed on that basis.
REVERSED.
DAUKSCH and COBB, JJ., concur.