PER CURIAM.
The State appeals the trial court’s order granting Schon K. Thomas’ motion to suppress evidence. We reverse.
The appellee was charged with possession of cocaine and resisting an officer without violence. He filed a motion to suppress evidence which was seized after the vehicle in which he was traveling was stopped by the police. The basis of the appellee’s motion was that the initial stop of the vehicle was unlawful. There was a hearing. The only witnesses to testify were the officer who stopped the vehicle and the driver of the vehicle. The testimony and discussion by counsel dealt only with the issue of whether the stop of the vehicle was a pretext. The officer testified that he had received information from other officers that a vehicle matching the description of the vehicle in which the appellee was traveling was in the area to deliver cocaine. The officer also testified that he stopped the vehicle because he observed it cross over the center line twice and because the vehicle was impeding traffic by traveling far below the normal speed limit. As the hearing concluded the trial court denied the motion based on Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). The appellee filed a second motion to suppress and there was another hearing which dealt solely with the issue of whether Whren was to apply retroactively. The trial court then entered a written order granting the motion to suppress which made a specific finding that Whren did not apply retroactively to the appellee’s case. The State filed a timely notice of appeal.
The United States Supreme Court in Whren eliminated the reasonableness inquiry regarding an officer’s stop of a vehicle and substituted a strict objective test which asks only whether any probable cause for the stop exists. The sole issue in this appeal is whether the Whren test is to be applied retroactively. We hold that Whren retroactively applies to this case. See also Holland v. State, 696 So.2d 757 (Fla.1997). In Holland, the supreme court did not expressly state that Whren is to be applied retroactively, however, the court held that Whren is the controlling law in this state and applied it to a defendant who was stopped on May 25, 1993.
We reverse the order granting suspension and remand for further proceedings.
Reversed and remanded.
FRANK, A.C.J., and FULMER and GREEN, JJ., concur.