NORTHCUTT, Judge.
. The State challenges the circuit court’s decision to suppress drugs discovered in Guy Chaney’s pickup truck during a traffic stop, as well as incriminating statements Chaney made after the drugs were found. The court granted the motion based on the police officer’s testimony that he stopped the truck not because the driver had failed to stop at a stop sign, but because he thought some drug activity had occurred. This was error. The officer had an objective basis to stop Chaney. See Holland v. State, 696 So.2d 757, 759 (Fla.1997) (noting that probable cause for a traffic stop exists when the vehicle fails to stop at a stop sign). The Supreme Court’s decision in Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), “eliminated the reasonableness inquiry regarding an officer’s stop of a vehicle and substituted a strict objective test which asks only whether any probable cause for the stop exists.” State v. Thomas, 714 So.2d 1176, 1177 (Fla. 2d DCA 1998).[1]
We reverse the order granting the motion to suppress. On appeal, Chaney offers several other grounds to support the *596 suppression. Because the circuit court never ruled on these other contentions, we remand for further proceedings to address these issues. See State v. Baldwin, 686 So.2d 682, 687 (Fla. 1st DCA 1996).
Reversed and remanded.
THREADGILL, A.C.J., and STRINGER, J., Concur.

. Chaney contends that the State did not properly preserve its argument based on Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). We have reviewed the record and reject this argument.