756 So.2d 249 (2000)
STATE of Florida, Appellant,
v.
ROBINSON, Appellee.
No. 5D99-2047.
District Court of Appeal of Florida, Fifth District.
April 28, 2000.
Robert A. Butterworth, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellant.
James B. Gibson, Public Defender, and Lyle Hitchens, Assistant Public Defender, Daytona Beach, for Appellee.
*250 W. SHARP, J.
The state appeals from the trial court's order which granted the appellee's (Robinson's) motion to suppress evidence of contraband found in his vehicle and on his person, after a traffic stop. The trial court ruled that there was no traffic violation, and thus the ensuing stop and search were unlawful and violated Robinson's Fourth Amendment rights.[1] The judge also thought the evidence should be suppressed because the stop was pretextual. Because we disagree with the trial court's determination that there was no traffic infraction, we reverse.
The record in this case shows that on February 1, 1999, at approximately 8:27 p.m., Robinson, who was driving his 1986 blue Chevy Malibu, failed to stop at the stop line at an intersection in downtown Sanford, Florida. He pulled beyond or ahead of the stop line, before stopping. There was evidence that at this particular intersection, it was necessary to pull beyond the stop line in order to have a clear view of oncoming traffic.
Officer Price, who was following Robinson in his patrol car, then stopped him, and began issuing him a citation for a traffic infraction. While writing the citation, the officer asked Robinson if he had anything illegal in the vehicle, or on his person. Robinson replied "no." Officer Price then called for backup and a canine unit.
Within a very short time after the initial stop, as little as four minutes, Officer Golden, the canine officer, arrived. Officer Price stopped writing the traffic citation while the dog and Officer Golden circled the car. Very quickly the drug dog alerted on the vehicle. Officer Golden then searched the trunk and found a white, rock-like substance that field tested positive for cocaine. Officer Price arrested Robinson and additional contraband was found on his person.
Although it may come as a revelation to some, the failure to stop at the stop line or bar rather than the stop sign itself, is a traffic infraction. Section 316.123(21)(a) provides in pertinent part:
Except when directed to proceed by a police officer or traffic control signal, every driver of a vehicle approaching a stop intersection indicated by a stop sign shall stop at a clearly marked stop line, ....
The officer's unrefuted testimony established that Robinson failed to stop at the clearly marked stop line at the Sanford intersection, and this in turn was sufficient to constitute probable cause that Robinson committed a traffic infraction. Based on those objective facts, the stop was not illegal. Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); Holland v. State, 696 So.2d 757 (Fla.1997); State v. Chaney, 744 So.2d 595 (Fla. 2d DCA 1999); Covington v. State, 728 So.2d 1195 (Fla. 4th DCA 1999); State v. Girard, 694 So.2d 131 (Fla. 5th DCA 1997). The subjective intent of the police officer who made the stop as whether the officer would have stopped another vehicle for that infraction and whether he and the canine unit were on a hunt for suspected drug dealers is not relevant under the controlling case law. See State v. Chambliss, 752 So.2d 114 (Fla. 5th DCA 2000).
Once Robinson was legally stopped, the use of a drug-sniffing dog is not an unconstitutional search under the fourth amendment. State v. Brooks, 662 So.2d 440 (Fla. 5th DCA 1995) (Sharp, W., J., dissenting); State v. Bass, 609 So.2d 151 (Fla. 5th DCA 1992); State v. Orozco, 607 So.2d 464 (Fla. 3d DCA 1992), rev. denied, 614 So.2d 503 (Fla.1993). An alert by a properly trained police dog provides probable cause for a search. Orozco; Osorio v. State, 569 So.2d 1375 (Fla. 2d DCA *251 1990); State v. Siluk, 567 So.2d 26 (Fla. 5th DCA 1990).
The only problem with drug dog sniff cases is that the detention of the driver must last no longer than is reasonably necessary for the police officer to write the traffic citation and make the customary license, tag, insurance and registration checks. Cresswell v. State, 564 So.2d 480 (Fla.1990); McNeil v. State, 656 So.2d 1320 (Fla. 5th DCA 1995); State v. Brown, 691 So.2d 637 (Fla. 5th DCA 1997); Brooks; Bass.
However, in this case, there is no evidence, nor does defense counsel argue on appeal, that Robinson was detained beyond a reasonable time to write the citation and make the necessary information checks. In fact, the thrust of the argument in this case is that the canine unit arrived too quickly, and inferentially, supported Robinson's argument that the initial stop was pretextual. As discussed above, pursuant to current case law, this argument is no longer legally viable.
REVERSED and REMANDED.
ANTOON, C.J., and GRIFFIN, J., concur.
NOTES
[1] United States v. Calandra, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974); Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Doctor v. State, 596 So.2d 442 (Fla.1992).