IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

STATE OF FLORIDA,

      Appellant,

v.

THOMAS MARVIN LORD,

      Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-577

Opinion filed October 13, 2014.

An appeal from the Circuit Court for Escambia County.
Jan Shackelford, Judge.

Pamela Jo Bondi, Attorney General, and Kristen Bonjour and Trisha Meggs Pate, Assistant Attorneys General, Tallahassee, for Appellant.

William B. Richbourg, Pensacola, for Appellee.

PER CURIAM.

The State appeals an order granting the motion to suppress filed by appellee, Thomas Marvin Lord. We reverse.

The evidence at the suppression hearing showed that asset-protection employees at a Walmart in Pensacola called an officer from the Pensacola Police

Department, Lieutenant Chuck Mallett, who was working off-duty for the store, and told him there had been a shoplifting incident in which a person had stolen spark plugs and had left the store. Lt. Mallett got into his unmarked police vehicle and drove around the parking lot until he saw the pickup truck the Walmart employee was describing that was by then headed for an exit. Lt. Mallett called for another patrol unit and as he followed the truck, he observed the female passenger reach around and conceal something behind the driver's seat. When a marked police vehicle driven by Officer Patrick Burns joined the pursuit, the truck markedly picked up speed and turned into a parking lot and sped behind the buildings, but found no escape route. The officers activated their blue lights and took appellee and his co-defendant, Shanna Gayle Johnson, into custody.

Lt. Mallett drove the truck back to the Walmart parking lot to search it, and Officer Burns followed with the suspects handcuffed in his vehicle. Lt. Mallett was in touch with the asset-protection employees and began to look for the spark plugs and any other property that might have been stolen. He found a drill in a box behind the driver's seat, a bag containing spark plugs, and a bag containing syringes, which he believed were drug paraphernalia.

Officer Burns testified that he had advised defendants that they were suspected of retail theft. After the items were discovered, he arrested them for misdemeanor retail theft and said he would be taking them to jail after the loss-

2

prevention people had made their statements. At some point after the store items were found, either Officer Burns or someone else looked inside a soft-sided cooler located in the truck bed and found a portable methamphetamine lab. The officers moved the truck to a back corner of the parking lot away from the general public, and an investigator from the sheriff's department trained in dismantling meth labs arrived and took over.

The circuit court granted defendant's motion to suppress, because under sections 901.15 and 812.015, Florida Statutes (2013), the officers did not have the authority to make the initial stop based only upon information provided by Walmart employees who had witnessed a theft. The court further concluded that even if the stop had been lawful, the officers had exceeded the permissible scope of their search by looking inside the cooler in the truck bed. Under Arizona v. Gant, 556 U.S. 332 (2009), they were permitted to search only for evidence of the offense the suspects were arrested for, which was retail theft, yet the officers had continued to search after finding the drill and the spark plugs when there was nothing suggesting that defendants had put anything in the cooler in the truck bed before they left the Walmart parking lot.

The trial court erred as a matter of law by concluding that the officers did not have the authority under section 812.015 to arrest defendants. See State v. Daniels, 2014 WL 1976269 (Fla. 5th DCA 2014) (in an appeal of an order on a

3

motion to suppress, statutory interpretation is reviewed de novo). Further, the trial court erred as a matter of law by concluding that the officers did not have the authority under <u>Gant</u> to search the cooler located in the truck bed. <u>See</u> <u>State v. Taylor</u>, 79 So. 3d 876 (Fla. 4th DCA 2012) (the court conducts de novo review of the application of <u>Gant</u> to the facts of the case).

The circuit court erred by concluding that section 901.15 applied in this case by either supplanting or modifying section 812.015(4). Section 901.15(1) permits an officer to arrest without securing a warrant when the suspect has committed a felony or misdemeanor "in the presence of the officer," or when the arresting officer has been provided information from a fellow officer sufficient to satisfy paragraph (1). <u>See</u> <u>State v. Boatman</u>, 901 So. 2d 222 (Fla. 2d DCA 2005). It is undisputed that the Walmart loss-prevention employees in the case at bar cannot be characterized as fellow officers.

This case was instead controlled by section 812.015(4), which specifically addresses warrantless arrests for retail theft and provides, in part, that a law enforcement officer "may arrest, either on or off the premises and without warrant, any person the officer has probable cause to believe . . . has committed theft in a retail or wholesale establishment." There is no conflict between the statutes, which have coexisted for over five decades and apply in different circumstances. <u>See</u> <u>Rodriguez v. State</u>, 29 So. 3d 310, 313 & n.5 (Fla. 2d DCA 2009). The legislature

4

expressly enacted the retail theft provision to meet a need that was not being addressed by section 901.15, "to give the merchant authority to detain a suspect and the arresting officer additional authority under the law to make an arrest for a misdemeanor," namely "shoplifting items of small value which constitute the bulk of the crime." Ch. 29668, Laws of Fla. (1955).

Accordingly, the officers in this case were authorized to stop and arrest defendants based upon information provided by the Walmart employees. See Weissman v. K-Mart Corp., 396 So. 2d 1164 (Fla. 3d DCA 1981) (affirming summary judgment for K-Mart under sections 812.015(3) and (5) in a suit for false arrest for shoplifting, because the officer had probable cause to arrest the plaintiff under section 812.015(4) based on information provided by K-Mart's security officer). Defendants have not argued that the officers lacked probable cause for the stop; only that they lacked authority under section 901.15(1).

The trial court further erred by concluding that the United States Supreme Court in Arizona v. Gant prohibited the officers from looking inside the cooler in the truck bed as part of their search incident to arrest. The Supreme Court held in Gant that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search *or it is reasonable to believe the vehicle contains evidence of the*

5

*offense of arrest*." Gant, 556 U.S. at 351 (emphasis added).[1] Because both the cab and the truck bed of defendants' truck were reasonable places for defendants to have secured items stolen from Walmart, the officers were justified in searching both.

The scope of a search depends upon the nature of the offense of arrest. "[W]hen probable cause only concerns one specific item and the police know where that item is within the automobile, their warrantless search cannot extend to other areas of the car." State v. Betz, 815 So. 2d 627, 631-32 (Fla. 2002). In our case, however, Lt. Mallett was told that spark plugs had been taken. When he searched the cab he found a drill. Then, a loss-prevention employee came out to the truck, said the drill was a Walmart item, and identified the bag of spark plugs. There was no testimony that any Walmart employee told either officer that no other items had been stolen from Walmart. Indeed, they said a package containing a drill had been opened in the store and the drill "dumped inside the store," leading the employees to believe that defendants had removed parts from the package that were presumably secreted in the truck. There was no evidence that Lt. Mallet had stopped searching the truck after finding the spark plugs and drill. The officers

---

[1] Gant was arrested for driving with a suspended license, and after police locked him in a patrol car, they searched his vehicle and found a gun and cocaine. The Supreme Court concluded that the search of the passenger compartment of Gant's car was unlawful because he was locked in the patrol car and thus was not within reaching distance, and because there could be no evidence in his car related to the offense of arrest for not having a valid driver's license.

were not precluded from looking in the cooler in the truck bed simply because no one had actually observed one of the defendants put something in the cooler. Lt. Mallett had not seen the defendants get into the truck but had only located them as they were driving out of the Walmart parking lot. The fact that Officer Burns told defendants they were looking at misdemeanor charges based upon the items thus far discovered did not mean the officers' hands were tied and they could not then search a container in the truck that had been overlooked. The kind of Walmart items that had already been found, as well as drill parts, could have been concealed in a cooler and thus it was a reasonable container to search for further evidence related to the offense of arrest.

REVERSED and REMANDED for further proceedings.

PADOVANO, THOMAS, and CLARK, JJ., CONCUR.