NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

STATE OF FLORIDA,                          )
                                           )
              Appellant,                   )
v.                                         )        Case No.  2D16-640
                                           )                  2D16-1541
                                           )
JAMES BATTLE,                              )
                                           )        CONSOLIDATED
              Appellee.                    )
                                           )
_____    )

Opinion filed October 25, 2017.

Appeal from the Circuit Court for
Hillsborough County; Chet A. Tharpe,
Judge.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Donna S. Koch,
Assistant Attorney General, Tampa,
for Appellant.

Howard L. Dimmig, II, Public Defender,
and Tosha Cohen, Assistant Public
Defender, Bartow, for Appellee.


LUCAS, Judge.

         The circuit court granted James Battle's dispositive pretrial motion to

suppress in two related cases.  Because the vehicle Mr. Battle was driving had indeed

been parked illegally, the stop and search of his vehicle was valid, and we are compelled to reverse the circuit court's ruling.

The facts underlying the State's appeal come to us following a fairly succinct suppression hearing. Hillsborough County Sheriff's Deputy Frederick Mezzatesta was looking for a suspect in an unrelated criminal investigation when he observed Mr. Battle lounging around a parked vehicle near an apartment building in Tampa. The car was, as Mr. Battle acknowledged in his motion to suppress, "parked facing east on the westbound side of the street"; in other words, it was parked on the wrong side of the road.[1] Deputy Mezzatesta testified that he observed Mr. Battle handling a shotgun in the presence of individuals whom the deputy happened to know were convicted felons (none of these felons actually handled the shotgun, apparently). Deputy Mezzatesta did not know who Mr. Battle was or anything else about him, but he saw Mr. Battle place the shotgun into the car's trunk and get into the driver's seat of the illegally parked car. The deputy then called in marked units.

Deputy Sarah Ernstes was one of the law enforcement officers who responded to Deputy Mezzatesta's call. She testified that Deputy Mezzatesta informed her that an individual of Mr. Battle's description had displayed a weapon to two known, convicted felons. When Deputy Ernstes arrived at the scene, she said that Mr. Battle's car was still parked on the wrong side of the road. After observing Mr. Battle pull out and perform a U-turn to get into the correct flow of traffic, Deputy Ernstes proceeded to conduct a stop of Mr. Battle's car at gunpoint. When asked why she conducted such a

---

[1]See § 316.195(2), Fla. Stat. (2015) (requiring that vehicles parked on public roadways face the direction of authorized traffic movement; a violation of this section is a noncriminal traffic infraction).

stop, she replied that it was because of the parking infraction. Through a computer check, it was discovered that Mr. Battle was, himself, a convicted felon. The car was searched and the shotgun was recovered, as was a clear baggie of white powder that tested positive for the presence of cocaine.[2]

Mr. Battle was charged in these cases with possession of a firearm by a convicted felon and possession of cocaine. He moved to suppress the physical evidence obtained as a result of the search, arguing that the stop of the vehicle he was driving was unlawful. As Mr. Battle argued, there is no crime against peacefully showing other people—even felons—a shotgun in the manner cursorily described by Officer Mezzatesta: "he walked back to the trunk, opened it, pulled out a shotgun, turned toward the three [felons]. [I]t looked like . . . he was showing it to them. He was kind of tilting it, doing that type of stuff. He had it maybe less than a minute. He then put it back in the trunk." Cf. Wright v. State, 19 So. 3d 277, 294 (Fla. 2009) ("*[M]ere possession* of a firearm by a non-felon is not a crime."). Thus, he contended, Deputy Mezzatesta's observations of his nonthreatening display of the firearm could not have constituted a lawful basis for the traffic stop that led to the subsequent discovery of his being a felon in possession of the firearm.

The circuit court agreed. In its amended order granting Mr. Battle's motion to suppress, the court concluded that Mr. Battle's mere handling of a shotgun in the presence of others was not, in itself, probable cause to justify the subsequent traffic

---

[2]Mr. Battle's argument in his motion to suppress was confined to the propriety of the initial stop; he did not challenge the scope or extent of the detention or the ensuing search.

stop.[3]  The circuit court was apparently troubled by what it described as "conflicting" testimony on the part of Deputy Ernstes, who conducted the stop.  As we read the court's ruling on this point, the circuit court judge appeared to either: (1) disbelieve the deputy's testimony that the car had been illegally parked, or (2) accept the testimony that the car was parked on the wrong side of the road but reject the deputy's stated basis—the parking violation—as the motivating reason for why she initiated the traffic stop.  As we will explain, the ruling was erroneous under either reading.

"When reviewing a trial court's ruling on a motion to suppress, the trial court's factual findings must be affirmed if supported by competent, substantial evidence, while the trial court's application of the law to those facts is reviewed de novo."  Hicks v. State, 929 So. 2d 13, 15 (Fla. 2d DCA 2006) (quoting State v. D.D.D., 908 So. 2d 1180, 1181 (Fla. 2d DCA 2005)).  On appeal, such a ruling will be upheld if there is any theory or principle of law in the record which would support the ruling, State v. Adderly, 809 So. 2d 75, 77 n.2 (Fla. 4th DCA 2002) (Taylor, J., dissenting) (citing Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979)), but only "so long as [the theory] is consistent with the facts on which the decision was based," Hicks, 929 So. 2d at 16 n.2 (citing Aberdeen Golf & Country Club v. Bliss Constr., Inc., 932 So. 2d 235, 239 n.6 (Fla. 4th DCA 2005))).  So we must address both legal theories that the circuit court's ruling may have employed.

The first theory under which this order might be upheld is that no parking infraction in fact occurred to support the stop.  Without the justification of a parking

_____

[3]We relinquished jurisdiction for the entry of an amended order to resolve ambiguities in the circuit court's initial ruling, and the parties furnished supplemental briefing following the amended order's entry.

- 4 -

violation, there would have been no lawful basis for the deputies to have stopped and detained Mr. Battle, and the shotgun and white powder would have to be suppressed as the product of an illegal search. See Musallam v. State, 133 So. 3d 568, 569 (Fla. 2d DCA 2014) (citing Wong Sun v. United States, 371 U.S. 471, 488 (1963)). But the occurrence and observation of the parked vehicle in the wrong direction of traffic was never a disputed fact in the suppression hearing. Both deputies testified, without contradiction, that the car was parked on the wrong side of the road. And Mr. Battle specifically conceded within his motion's "general statement of the facts on which the motion is based," that the car had been illegally parked.[4] See Cartwright v. State, 920 So. 2d 71, 74 (Fla. 3d DCA 2006) (holding that where defendant conceded in his motion to suppress that an individual owned an apartment building, the State did not have to then prove that individual's authority to grant permission to enter the building's common area). To be sure, in the hierarchy of public offenses, parking a car on the wrong side of a public road could be characterized as a relatively minor infraction. It was still an illegal act, however; and since it occurred in the presence of the sheriff's deputies, it served as probable cause which authorized their intervention to stop the vehicle and issue a citation. See State v. Nelson, 183 So. 3d 1074, 1076 (Fla. 5th DCA 2015) ("Traffic violations that may justify a stop include non-criminal traffic violations." (citing State v. Arevalo, 112 So. 3d 529, 531 (Fla. 4th DCA 2013))). To the extent the circuit court's decision rested upon a finding that no such infraction occurred, that finding conflicts with the unrefuted testimony at the hearing and Mr. Battle's concession in his motion, and so we must reject such a finding as a basis to support the court's ruling.

---

[4]See Fla. R. Crim. P. 3.190(g)(2).

See State v. Ross, 209 So. 3d 606, 610 (Fla. 2d DCA 2016) (noting that a circuit court's findings must be accepted by the appellate court only when the evidence supports those findings (citing State v. Navarro, 464 So. 2d 137, 140 (Fla. 3d DCA 1985) (en banc))).

As to the second theory upon which the circuit court may have based its ruling—that Deputy Ernstes' stop and search of the vehicle had nothing to do with the parking infraction but was motivated by the report that Mr. Battle had been handling a firearm in the presence of known felons—that subjective determination, even if it were accurate, would not support the suppression of this evidence as a matter of law. Simply put, a pretextual stop (such as the one that may very well have occurred here) can still serve as a valid basis to stop and detain an individual so long as there is an objective basis for the law enforcement officer's intervention (such as there was here). See Whren v. United States, 517 U.S. 806, 813 (1996) ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis."); Holland v. State, 696 So. 2d 757, 759 (Fla. 1997) ("In determining whether the suppression order in the instant case should be reversed, we are constrained to review the record under the objective test of Whren. When applying the objective test, generally the only determination to be made is whether probable cause existed for the stop in question."); State v. Thomas, 714 So. 2d 1176, 1177 (Fla. 2d DCA 1998) ("The United States Supreme Court in Whren eliminated the reasonableness inquiry regarding an officer's stop of a vehicle and substituted a strict objective test which asks only whether any probable cause for the stop exists."). The circuit court's finding that Deputy Ernstes was not credible concerning her subjective motivation for why she stopped the car was simply

irrelevant to the issue at hand.  The car was parked illegally.  The deputy had probable cause to stop the car to issue a citation to Mr. Battle.  Mr. Battle's Fourth Amendment rights were not violated when she did so.  See Whren, 517 U.S. at 813; Holland 696 So. 2d at 759; Thomas, 714 So. 2d at 1177.

Accordingly, we reverse the circuit court's order and remand this case for further proceedings.

Reversed and remanded.


KELLY and SALARIO, JJ., Concur.