DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SYMONE JUSTINE BENT,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-3885

[October 24, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Timothy L. Bailey, Judge; L.T. Case No. 16-005429 CF10A.

Carey Haughwout, Public Defender, and Narine N. Austin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

May an officer, based on information provided by store employees, handcuff an appellant on suspicion of shoplifting although the shoplifting did not occur in the officer's presence? Because the legislature enacted section 812.015(3)(a), Florida Statutes, which provides that law enforcement may detain based on probable cause developed from a store employee's report of suspected shoplifting, we answer in the affirmative. Accordingly, we affirm.[1]

A Wal-Mart loss prevention employee observed appellant taking merchandise from the shelves and placing it into her cart without looking at the prices. Appellant paid for only some of the merchandise and then attempted to leave the store. Based on this behavior, the loss prevention associate stopped appellant on suspicion of shoplifting and detained her in a back office before calling police. Police subsequently arrived and,

---

[1] We find the other issues raised by appellant to be without merit.

based on the information relayed to them by store employees, handcuffed appellant while the loss prevention associate searched her purse and cart for stolen merchandise. At trial, appellant sought to suppress the merchandise found, alleging that her detention by police violated the Fourth Amendment. The trial court denied the motion.

In reviewing a ruling on a motion to suppress, we apply a mixed standard of review. While we defer to the trial court's factual determinations, we review de novo whether the application of the law to the facts establishes a basis for the trial court's findings regarding reasonable suspicion or probable cause. *Lee v. State*, 868 So. 2d 577, 579 (Fla. 4th DCA 2004).

The issue on appeal is governed by section 812.015, Florida Statutes (2016). That statute provides, in relevant part:

> A law enforcement officer . . . who has probable cause to believe that a retail theft . . . has been committed by a person and, in the case of retail or farm theft, that the property can be recovered by taking the offender into custody may, for the purpose of attempting to effect such recovery or for prosecution, take the offender into custody and detain the offender in a reasonable manner for a reasonable length of time.

§ 812.015(3)(a), Fla. Stat. (2016). This, of course, is an exception to the general rule that an officer normally may effect a warrantless arrest only for a misdemeanor that occurs in his or her presence. *See* § 901.15(1), Fla. Stat.

In *State v. Lord*, 150 So. 3d 260 (Fla. 1st DCA 2014), the First District addressed similar facts under the same statute. There, a Wal-Mart asset-protection employee called police to report "a shoplifting incident in which a person had stolen spark plugs and had left the store." *Id.* at 261. Upon arriving at the store, police officers located the customer's vehicle based on a description by the employee. *Id.* The officers followed the vehicle, eventually stopping it, handcuffing the occupants, and searching for the allegedly stolen spark plugs. *Id.* The First District held that the officers' stop of the vehicle was authorized by section 812.015, Florida Statutes, because the officers had received information on the suspected shoplifting from the Wal-Mart employee. *Id.* at 262.

The Third District has similarly held that information furnished to an officer by a store employee who has witnessed shoplifting may give rise to

2

probable cause. *Weissman v. K-Mart Corp.*, 396 So. 2d 1164, 1167 (Fla. 3d DCA 1981). There, as in this case, a store employee observed suspicious behavior by the appellant that the employee concluded was indicative of shoplifting. *Id.* at 1166. After detaining the appellant in the store's security office, the store employee called police to report the suspected shoplifting. *Id.* An officer arrived, questioned the appellant and charged him with shoplifting. *Id.* The Third District concluded that the officer had acted appropriately, noting that for the purposes of a section 812.015 detention or arrest, "[f]irst hand knowledge by an officer is not required; the receipt of information from someone who it seems reasonable to believe is telling the truth is adequate." *Id.* at 1167.

The instant case is comparable to *Lord* and *Weissman*. Appellant was observed and detained by a store employee who, based on his training in loss prevention, believed she might be shoplifting. Based on the dispatch call and information provided to the officer by the store employees when he arrived on the scene, the officer developed probable cause. *See id.* (observing that "first hand knowledge" is not necessary to meet section 812.015's probable cause requirement). The officer could have reasonably concluded that the loss prevention employee was reliable in his conclusion that appellant had attempted to steal merchandise from the store. Therefore, the officer could handcuff appellant for the purpose of attempting to effect a recovery of the merchandise. *See* § 812.015(3)(a), Fla. Stat. We affirm.

*Affirmed.*

GERBER, C.J., and KLINGENSMITH, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

3