DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RAYMOND ANTHONY LEE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-1156

[February 14, 2024]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey Dana Gillen, Judge; L.T. Case No. 502022CF004641AMB.

Carey Haughwout, Public Defender, and Timothy Wang, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Richard Valuntas, Senior Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant appeals his conviction and resulting sentence for resisting an officer without violence. He claims that the trial court erred in denying his judgment of acquittal because the State failed to show that the officers were in the performance of a legal duty when they attempted to detain and handcuff appellant for suspected shoplifting at a convenience store. We affirm, concluding that section 812.015(4), Florida Statutes (2022), gave the officers the authority to arrest and handcuff appellant based upon information supplied by the convenience store's employee. *See Bent v. State*, 257 So. 3d 501 (Fla. 4th DCA 2018).

In a second issue, appellant argues that the State presented two distinct acts which could constitute resisting—appellant's refusal to back up when he was recording the arrest of his friend, and his later resisting being handcuffed when he was being detained. Although appellant did not object at trial, he claims this was fundamental error because it could have led to a non-unanimous verdict. We disagree.

Appellant was charged with resisting *with violence*, and the only alleged violent act occurred when appellant resisted being handcuffed. The prosecutor did not ask the jury to find resisting arrest with violence based upon the refusal to back up. "Where the State does not affirmatively advise the jury that it can convict using any number of acts as the essential element of the crime, the possibility of a non-unanimous verdict does not constitute fundamental error." *Johnston v. State,* 357 So. 3d 156, 162 (Fla. 4th DCA 2023).

We affirm as to all other issues raised.

*Affirmed.*

WARNER, DAMOORGIAN and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***